IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 07-225 |
| vs. | : | |
| AITOFELE T. F. SUNIA, TINI LAM YUEN, Defendants. | : | |

**UNITED STATES RESPONSE TO DEFENDANT YUEN'S MOTION
TO MODIFY CONDITIONS OF RELEASE**

For the reasons states below, the United States opposes Defendant Tini Lam Yuen's Motion to Modify Conditions of Release.

Tini P. Lam Yuen currently serves as a territorial senator in the American Samoa legislature, or "Fono." Aitofele Sunia currently serves as the Lieutenant Governor of American Samoa. An indictment was returned by a grand jury in the District Court for the District of Columbia on September 6, 2007 and both defendants were arrested shortly thereafter. On September 10, 2007, Defendant Yuen made an initial appearance in the Central District of California. The court set conditions of release to include a $50,000 personal recognizance bond and restricted Defendant Yuen's travel to American Samoa and Washington, D.C. Accordingly, Defendant Yuen was required to surrender his passport to the Federal Bureau of Investigation ("FBI"). The District Court for the District of Hawaii set similar conditions for Defendant Sunia at his initial appearance

At the defendants' arraignment on October 23, 2007, Magistrate Judge Robinson adopted

the same conditions of release previously ordered by Central District of California for Defendant Yuen.  Upon request by Defendant Sunia, Judge Robinson altered Defendant Sunia's conditions of release to allow him to retain possession of his passport.  Defendant Sunia, who had been required to travel in connection with his position since the time of his initial appearance, requested that he be allowed to retain possession of his passport in order to avoid logistical difficulties in connection with future official travel.  Defendant Sunia agreed to notify the FBI, as well as his probation officer, with advance notice of any travel.

Defendant Yuen asserts in his current motion that his duties as a territorial senator require him to travel internationally. Defendant Yuen does not offer the court any specific examples of necessary travel nor does he state that he has any specific expectation of international travel in the foreseeable future.  It is the government's understanding that, to the extent Defendant Yuen travels in connection with his official duties at all, such travel is rarely if ever sudden or unexpected, let alone necessary. Indeed, upon inquiry with territorial Senate officials, the government was informed that no such travel is anticipated for defendant Yuen.

In addition, it is not difficult for residents of American Samoa with means and power (defendant Yuen also holds a title in the American Samoan Matai system and it is the government's understanding that he is a man of means in American Samoa as a Senator, a business owner and a Matai title holder) to leave the territory for foreign countries, including neighboring island nations.  Many residents of American Samoa have family members in other countries.  Should defendant Yuen decide it would be to his advantage to leave the country the possession of his passport would mean that he would not have great difficulty in doing so.

For these reasons, the government believes that it is not an unreasonable burden for

Defendant Yuen to retrieve his passport from the FBI in advance of any appropriate travel. Alternatively, if Defendant Yuen is permitted to retain possession of his passport, it is respectfully requested that his travel continue to be restricted to American Samoa, Washington, D.C., and any location in which his wife is actually receiving necessary medical care, and be required to provide the FBI and his probation officer with sufficient advance notice of the reason for and the details of any travel. In addition, should such an amendment to the current conditions be granted, such conditions should be directly acknowledged by defendant Yuen through a personal appearance before such amendment is ordered, or some other means which would satisfy the Court that defendant Yuen understands the limits of any such court order. Should defendant Yuen decide that a personal appearance is too burdensome, then he could simply forego the requested amendment.

**WHEREFORE,** for the reasons set forth above, the government respectfully opposes defendant's motion to modify conditions of release.

Respectfully submitted this 26th day of November, 2007.

        William M. Welch II
        Chief
        Public Integrity Section

        BY:  s/ Daniel A. Schwager_____
        Matthew L. Stennes
        Daniel A. Schwager
        Kathryn H. Albrecht
        Trial Attorneys

        Criminal Division
        Public Integrity Section
        10th Street & Constitution Avenue, NW
        Washington, DC 20530
        Phone: (202) 514-1412
        Fax: (202) 514-3003
        Email: Daniel.Schwager@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify on this 26th day of November 2007, that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-filers:

Lanny A. Breuer , Esq.
Covington & Burling, LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel: (202) 662-6000

Laura G. Quint, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500


       William M. Welch II
       Chief
       Public Integrity Section


BY:   _s/ Daniel A. Schwager_____
       Matthew L. Stennes
       Daniel A. Schwager
       Kathryn H. Albrecht
       Trial Attorneys
       Criminal Division
       Public Integrity Section
       10th Street & Constitution Avenue, NW
       Washington, DC 20530
       Phone: (202) 305-7348
       Fax: (202) 514-3003
       Email: kate.albrecht@usdoj.gov